**COONS v. BOYD.**

No. 13595.

United States Court of Appeals
Ninth Circuit.

April 24, 1953.

practicing prostitution in this country was not shown to have been lacking in fairness or due process, and the lack of representation by counsel was waived by the appellant after receipt of advice of her rights in the matter.

Wholly apart from the lack of authority that derivative citizenship is acquired by an adopted child where the parent is naturalized, Powers v. Harten, 183 Iowa 764, 167 N.W. 693, the record does not disclose anything to contradict the testimony of the claimed foster parent that the appellant was never in fact adopted.

The judgment is affirmed.

Clarence L. Gere, Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and John E. Belcher, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

The appellant filed in the court below an application for a writ of habeas corpus alleging that she was unlawfully confined and restrained of her liberty by the appellee pursuant to certain orders in deportation proceedings conducted by the United States Immigration and Naturalization Service. The petition discloses that its purpose is to procure a review of those deportation proceedings. The principal basis for a claim of invalidity in those proceedings which appears in the petition, is that appellant was denied due process of law by the Immigration authorities in that she was not represented by counsel and that she was otherwise denied a fair hearing. At the trial and in this court there was added the further claim that appellant was a citizen in that as an infant she was adopted in Canada by a couple who migrated to the United States and were granted citizenship here.

We are unable to find any merit in the appeal. The hearing at which appellant was found deportable as an alien found